

Certified translation from the Bulgarian original

## SUPREME CASSATION PROSECUTOR'S OFFICE
### INTERNATIONAL LEGAL ASSISTANCE DEPT.

Sofia 1061, 2 Vitosha Blvd., Phone: +359 2/92 19 330
Fax: +359 2/988 58 95
e-mail: mpp_vkp@prb.bg

No. 12564/2007 IV
(Please quote)
Sofia 18.09......2007

TO
THE COMPETENT JUDICIAL AUTHORITIES
OF THE UNITED STATES OF AMERICA

### LETTER ROGATORY
the Supreme Cassation Prosecutor's Office of the Republic of Bulgaria

Sirs,

The Supreme Cassation Prosecutor's Office of the Republic of Bulgaria is honored to address the competent Judicial Authorities of the United States of America with this Letter Rogatory and the request for legal assistance, namely the provision of information in connection with pre-trial proceedings, Preliminary investigation No 59/2007 according to the list of the General Police Directorate for Combating Organized Crime – Sofia, file No 6030/2007 from the list of the Regional Prosecutors Office - Sofia

The preliminary proceedings were instituted against the Bulgarian nationals Ivan Stamenov Stamenov PIN ████████ and Chavdar Stanachkov Stoyanov PIN ████████ for a crime under Art 253, paragraph 1, in connection with Art. 20 para. 2 of the Penal Code of the Republic of Bulgaria.

The criminal offence committed is that Tihomir Vassilev Djambazov and Dimitar Tsvetanov Panayotov for a period with a date not established thoughout 2005-2007 Sofia, was an accessory concealing funds of an illegal origin by the illegal distribution and illegal export of cigarettes, produced by Bulgartabac Holding –Ltd., which constitutes a crime under Art. 253, para.1 in connection with Art. 20 para. 2 of the Penal Code of the Republic of Bulgaria.

The preliminary proceedings have established that the Caledon Invest Inc. Co. purchased large quantities of cigarettes – Prestige from Bulgartabac Holding Ltd. with the aim to carry out distribution in countries from the Middle East and Africa, Iran, Iraq, United Arab Emirates, Yemen, Turkey, Liberia, Mali, Ghana and elsewhere. The Agreements for purchase and sale, as well as the Agreements between the countries for the Caledon Invest Inc. were signed by the indicted Chavdar Stoyanov – the Director of the Caledon Invest. The latter claims that all costs for the export of tobacco products were borne by the owner of the company. The latter was registered in the U.S.A., the State of Delaware, Dover, register 0229566, seat: U.S.A., State Delaware, Dover, No 1220H Market street, Wilmington, AE 19801, County New Castle, and the subject of activity trade with tobacco products.

Certified translation from the Bulgarian original

For this reason, as well as in order to make clear the entire criminal activity of Ivan Stamenov Stamenov and Chavdar Stanachkov Stoyanov we kindly request the competent authorities in the U.S.A. to conduct the following procedural investigative actions, namely:

- establish the owner of the Caledon Invest Inc. company, registered in the U.S.A., Delaware, Dover, under register, No 0229566, seat, U.S.A., Dover No 1220 N, Market Street, Suite 606, Wilmington, AE 19801 New Castle County, Delaware 19801.

- Provide us with all documents, connected with the registration of **CALEDON INVEST INC., 1220 N, Market Street, Suite 606, Wilmington, New Castle Country, Delaware 19801. Information which persons have registered it, who were the managing officers and members of the company, as well as who had paid the registration fee.**

Kindly carry out the described Investigation activities on the grounds of mutuality in accordance with the applied concrete Letter Rogatory and in accordance with the laws of your country by your competent authorities declaring our readiness to carry out a request for legal assistance, sent by the Judiciary of the U.S.A. to the Bulgarian judiciary for the carrying out of analogical investigations on criminal cases.

We avail ourselves of the occasion to present our respects to the Judiciary in the U.S.A. and assure them of our readiness fruitful for co-operation.

APPENDIX: Letter Rogatory for Preliminary Proceedings No 59/2007 from the list of the General Police Directorate for Combating Organized Crime, file No 6030/2007 from the list of Sofia Proscutor's Office in the original and an translation into the English language from the list of the Regional Prosecutor's Office Veliko Turnovo in the original and an translation into the English language.

Sincerely,

Public Prosecutor
(signature illegible)

(Ts.Yosifov)

I, the undersigned Vassil Boyanov Atanassov, hereby confirm through my signature the truthfulness of my translation from the Bulgarian into English of the applied document consisting of 2 (two) pages       Translator:

PIN 4006046304

ORCHID-94" HEREBY OFFICIALLY
CERTIFIES THAT THE ABOVE
TRANSLATION IS IN FULL CONFORMITY
WITH THE (ATTACHED) ORIGINAL
PASSAGE(S) MAY ... THE
ATTACHED ORI...
...FIA ..........
DIRECTOR

Certified translation from the Bulgarian original

| | |
|---|---|
| CITY PROSECUTOR'S OFFICE<br>No 6030/2007<br>02.07.2007<br>SOFIA | rectangular stamp<br>National Service Combating<br>Organized Crime<br>Preliminary Investigation<br>No 59/07 – 02.07..2007 |

Handwritten endorsement
H.Christova
B.Karakashev
02.07.07
Signature illegible

A3/02.07.07
Signature illegible

## RULING
### Sofia, 02.07.2007

A.Iliev, a Prosecutor at the City Prosecutor's Office – Sofia (CPOS), after acquainting myself with the material of Prosecutor's file No 6030/07 from the list of CPOS

### ESTABLISHED :

The proceedings on the file were opened in connection with a publication in the Monitor newspaper, reporting the circumstances of smuggling of cigarettes by Caledon Invest Inc, Managing Director Chavdar Stoyanov, originating from Bulgartabac holding Ltd. Ivan Stamenov is cited as the link between the above company and Bulgartabac holding Ltd.

After checking it was established, that the Caledon Invest Inc. Co.,had indeed purchased large quantities cigarettes from Bulgartabac holding Ltd. The company was registered in the U.S.A. The representative of Caledon Invest Inc. Chavdar Stoyanov had been connected with Ivan Stamenov with Hristo Lachev, the Executive Director of Bulgartabac holding Ltd . Ivan Stamenov and H.Lachev were acquainted and had worked together as far back at the time when Lachev had been Director of Blagoevgrad BT Ltd.

In their explanations Ivan Stamenov and Chavdar Stoyanov do not deny that they have known each other and both had a meeting with Lachev, to discuss the manner of the purchase, as well as the quantities of cigarettes from Bulgartabac holding Ltd. However, concerning the organization of distribution of the cigarettes neither Stamenov nor Stoyanov have given any satisfactory explanations. They cannot point to the office of Caledon Invest Inc. in Bulgaria, that cannot say where the office is, nor present any accounting and customs documents, connected with the distribution of the purchased cigarettes from Bulgartabac holding Ltd.

After checking, in connection with a publication in the Telegraph newspaper on Ivan Stamenov's share in the Zelenika Ltd Co. with suspicion of illegal export of cigarettes and laundering money from the distributed cigarettes, it was established that Ivan Stamenov has a 33 percent share in its capital. In his explanations Ivan Stamenov claims that he does not know that he was a stakeholder in this company and does not know what activities it was

Red stamp
National Service Combating Organized Crime
Preliminary Investigation
True to the original.
B.Karakashev, signed

Certified translation from the Bulgarian original

involved with. Stamenov also has pointed out, that he does not know to have had shares in other companies.

Verification has established that Ivan Stamenov is a stakeholder in the following companies
- Geta plam Ltd – a stakeholder with 30 percent of the stock
- *Transitni skladove i servizi* (Transit warehouses and services) – a stake of 65 percent
- Ixora Ltd - owned by Ixora Corporation Ltd., registered in Panama – a manager.
- Zelenka Ltd - stakeholder 33 percent
- Turim – Georgi Stamenov – stakeholder 50 percent

In his explanations concerning these companies Ivan Stamenov claims that he neither knows of their existence, nor has participated in them..

Verification has established that Bulgartabac Invest Inc. has indeed concluded Agreements with Caledon Invest Inc. It is clear from Chavdar Stoyanov's explanations, that both he himself and Ivan Stamenov, namely being the link with the Bulgartabac Holding Inc., as a representative, have concluded agreements for the distribution and sale of cigarettes; Neither Stamenov nor Stoyanov offer any clear and concrete answers, they cannot point out from which enterprise cigarettes had been purchased and through which customs they had been exported abroad, where from and in what way have the sums for the purchase of cigarettes been transferred. Both in their explanation point out that they have had no income from the Caledon Invest Inc. and have received no income from contracts or other income. At the same time funds have been invested for the registration of companies for commerce and export, as well as in real estate.

Considering the above I find the grounds for Art 207 of the Penal Procedure Code (PPC), namely a legal cause publications in the Telegraph and Monitor newspapers, sufficient in the meaning of Art 211 for a crime of a general character – committed, concealing financial means of illegal origins, distribution and illegal distribution of cigarettes, which constitute a crime according to Art.253 Para 1 of the Penal Code.

Therefore, as well as on the grounds of Art 212 of the PPC

## I GAVE THE RULING

I OPEN preliminary proceedings against Ivan Stamen Stamenov, PIN ████████ and Chavdar Stanachkov Stoyanov PIN ████████ both from Sofia, for concealing funds with an illegal origins from the illegal distribution and illegal export of cigarettes, which constitutes a crime according to Art 253, para 1 of the Penal Code.

The preliminary investigation proceedings shall be carried out by the General Directorate for Combating Organized Crime.

At the same time the following guidelines should be taken into consideration:
- establish and request to receive all accounting and customs documents in connection with the agreements concluded for the distribution of cigarettes between Caledon Invest Inc. and Bulgartabac Holding Ltd.
- organize the questioning of witnesses connected with the case.

Certified translation from the Bulgarian original

- Request information by the Agency for Financial Investigation whether information has been received for suspicious financial operations in connection with the cited persons according to the circumstances in the section of the Ruling.
- to request a reference from the Custom's Agency whether there is information on Custom's misdemeanors of the said persons.
- apply a certificate for a clear record of no previous convictions and gather references.

Deadline - in accordance with the law.

Al
Printed in 3 copies

Prosecutor:

(signature illegible) (A.Iliev)

Black round stamp
Sofia Prosecutor's Office

Red Round Stamp
Nat. Service for Combating Organized Crime
Ministry of Interior

True to the original (hands written)
B.Karakashev (signature

I, the undersigned Vassil Boyanov Atanassov, hereby confirm through my signature the truthfulness of my translation from the Bulgarian into English of the applied document consisting of 3 (three) pages.

Translator

PIN 4006046304

ORCHID-94° HEREBY OFFICIALLY
CERTIFIES THAT THE ABOVE
TRANSLATION IS IN FULL CONFORMITY
WITH THE (ATTACHED) ORIGINAL
PASSAGE(S) MARKED IN THE
(ATTACHED) ORIGINAL
SOFIA

DIRECTOR

Certified translation from the Bulgarian original

Logo

# PROSECUTOR'S OFFICE OF THE REPUBLIC OF BULGARIA
## SOFIA CITY PROSECUTOR'S OFFICE

---

2, Boulv, Vitosha, Fax 980-88-49   e-mail sgp@prb.bg

No 6030/07
Date 13.07.2007

> SUPREME CASSATION PROSECUTOR'S OFFICE
> OF THE REPUBLIC OF BULGARIA
> International Legal Cooperation Department

## PROPOSAL

### FOR THE DRAWING UP OF LETTER ROGATORY TO THE UNITED STATES OF AMERICA

Preliminary Police investigation No 59/07 from the list of the service is currently with the General Directorate for Combating Organized Crime, begun through a Ruling of the Sofia City Prosecutor's Office against Ivan Stamenov Stamenov, PIN ▇▇▇▇▇▇ authorized representative of Caledon Invest Inc. and Chavdar Stanachkov Stoyanov, PIN ▇▇▇▇▇▇ ( Director of the same company), for a crime under Art. 253, para 1 in connection with Art. 20, para 2 of the Penal Code. In the course of the investigatigation the above persons have been indicted as an accused according to the cited articles of the Penal Code.

So far the following has been established from the investigation:

Caledon Invest Inc. has purchased large quantities of cigarettes, of the Prestige brand from Bulgartabac holding Ltd. with the aim to distribute them in countries of the Middle East and Africa – Iran, Iraq, United Arab Emirates, Yemen, Turkey, Liberia, Mali, Ghana etc. The Agreements for the purchase and sale, together with the Agreements between the parties for Caledon Invest Inc. were signed by the accused Chavdar Stoyanov – Director of the company. The latter claims, that all costs for the export of the tobacco products were borne by the owner of the company. The company is registered in the United States of America, the State of Delaware, Dover, under register No 1229566, address of the management U.S.A. State of Delaware, Dover, 1220 H Market street, Wilmington, AE 19801, County New Castle, and the subject of activity trade tobacco products.

According to the explanations of the accused Stoyanov, given in the course of the examination, Caledon Invest Inc. was registered in 2004. The owner of the company was a citizen of the United Arab Emirates, whose name the accused has not given. According to

Certified translation from the Bulgarian original

Stoyanov all costs for the export of tobacco products were to be borne by the owner of the Company, while secretary of Caledon Invest Inc. was a certain Marula Haddad. The export of the goods were carried out by Bulgartabac – Blagoevgrad BT, after payment for the goods. For his activity as Director of Caledon Invest, Stoyanov claims he received a payment to the amount of 1300 US Dollars and was promised the transfer of ownership over real estate in the territory of the United Arab Emirates (no papers to that effect exist, while Stoyanov's claim for the promises of real estate are also supported by the explanations of the other accused in the preliminary proceedings. According to Stoyanov, Caledon Invest Inc. has no office on the territory of the Republic of Bulgaria. In his explanations the other accused – Ivan Stamenov Stamenov - claims that he does not know where the company was registered and who registered the company in question. He only mentions that the owner is a foreign citizen. Also according to Stamenov all papers in connection with the export of tobacco products were drawn up by Bulgartabac Holding Ltd.

In order to establish the objective truth in connection with the Preliminary investigation we need the following information :

We need to establish the owner of the Caledon Invest Inc. company, registered in the U.S.A., Delaware, Dover No. 0229566, seat: U.S.A, State of Delaware, Dover, No 1220H, Market street, Wilmington, AE 19801, County New Castle, **CALEDON INVEST INC., 1220 N, Market Street, Suite 606, Wilmington, New Castle County, CALEDON INVEST INC , 1220 N Market Street, Suite 606, Wilmington, Delaware 19801.**

We need to receive all documents, connected with the registration of **CALEDON INVEST INC., the persons who registered thwe company, who were the managing officers and members of the company, as well as who had been paying the registration fee.**

10.07.2007  
Sofia

Blue round stamp  
Sofia City Prosecutor's Office

Public Prosecutor:

(Tafrov)  
(signature illegible)

I, the undersigned Vassil Boyanov Atanassov, hereby confirm through my signature the truthfulness of my translation from the Bulgarian into English of the applied document consisting of 2 (two) pages.

Translator



Translation from the Bulgarian original

Article 253
(Amended, SG No. 28/1982, repealed, SG No. 10/1993, New,
SG No. 62/1997)
(1) (Amended, SG No. 85/1998, SG No. 26/2004, supplemented, SG No. 75/2006) Whoever concludes a financial operation or property transaction or conceals the origin, location, movement or the actual rights in the property, which is known or assumed to be acquired through crime or another act that is dangerous for the public, shall be punished for money laundering by deprivation of liberty from one to six years and a fine of BGN three thousand to five thousand.
(2) (New, SG No. 26/2004, supplemented, SG No. 75/2006) The punishment under paragraph 1 shall also be imposed on the one who acquires, receives, holds, uses, transforms or assists, in any way whatsoever, the transformation of property, which is known or assumed, as of its receipt, to have been acquired through crime or another act that is dangerous for the public.
(3) (Renumbered from Paragraph 2, supplemented, SG No. 26/2004) The punishment shall be deprivation of liberty for one to eight years and a fine of BGN five thousand to twenty thousand, if the act under paras 1 and 2 has been committed:
1. (amended, SG No. 26/2004) by two or more individuals, who have reached preliminary agreement, or by an individual who acts on the orders of or executes a decision of an organised criminal group;
2. two or more times;
3. by an official within the sphere of his office;
4. (new, SG No. 26/2004) through opening or maintaining an account with a financial institution, under a false name or the name of an individual who has given consent to this effect.
(4) (New - SG, No. 21/2000, renumbered from Paragraph 3, supplemented, SG No. 26/2004, amended, SG No. 75/2006) The punishment shall be deprivation of liberty from three to twelve years and a fine from BGN 20,000 to BGN 200,000 where the act under Paragraphs (1) and (2) has been committed by the use of funds or property which the perpetrator knew or supposed to have been acquired through a serious crime of intent.
(5) (New, SG No. 85/1998, renumbered from Paragraph 3, SG No. 21/2000, renumbered from Paragraph 4, amended, SG No. 26/2004, amended, SG No. 75/2006) Where the funds or property are in extremely large amounts and the case is extremely grave, the punishment shall be deprivation of liberty for five to fifteen years and a fine of BGN 10,000 to BGN 30,000, and the court shall suspend the rights of the guilty person under Items 6 and 7 of Article 37 (1).
(6) (New, SG No. 85/1998, renumbered from Paragraph 4, SG No. 21/2000, renumbered from Paragraph 5, amended, SG No. 26/2004) The object of crime or the property into which it has been transformed shall be forfeited to the benefit of the state, and where absent or alienated, its equivalent shall be awarded.
(7) (New, SG No. 26/2004) Provisions of paras 1 through 6 shall also apply where the crime through which property has been acquired falls outside the criminal jurisdiction of the Republic of Bulgaria.

Translation from the Bulgarian original

**Article 20**
(1) Accomplices in the perpetration of intentional crime shall be: perpetrators, abettors and accessories.
(2) A perpetrator shall be a person who took part in the perpetration itself of the crime.
(3) An abettor shall be a person who intentionally incited another to commit a crime.
(4) An accessory shall be a person who intentionally facilitated the perpetration of a crime through advice, explanations, promises to render assistance after the act, removal of obstacles, supply of means or in any other way.

Translation from the Bulgarian original

**Article 471**

(1) International legal assistance in criminal matters shall be rendered to another state under the provisions of an international treaty executed to this effect, to which the Republic of Bulgaria is a party, or based on the principle of reciprocity. International legal assistance in criminal cases shall also be made available to international courts whose jurisdiction has been recognized by the Republic of Bulgaria.

(2) International legal assistance shall comprise the following:

1. Service of process;
2. Acts of investigation;
3. Collection of evidence;
4. Provision of information;
5. Other forms of legal assistance, where they have been provided for in an international agreement to which the Republic of Bulgaria is a party or have been imposed on the basis of reciprocity.

Certified Translation from the Bulgarian original

REPORTED
ACCORDING TO Art 219 para 1 PPC
PROSECUTOR: Angel Iliev
02.07.07
(name, family, date, signature and stamp)

## RULING
### for the indictment of an accused
### Sofia, 02.07.2007

The undersigned Hristina Hristova, an examining magistrate at General Directorate for Combating Organized Crime –Ministry of Interior, established sufficient proof for the guilt in connection with Preliminary investigation No 59/07 of the person:
**CHAVDAR STANACHKOV STOYANOV PIN** ■■■■■
**Born** ■■■■■

Address: Sofia, Drouzhba Houising Estate, Bl.80, Entrance Б 4th floor, App 34

For committing a crime of a general nature.

Namely, that in Sofia, on a date unestablished for the periods over 2005 – 2007, jointly with an accomplice Ivan Stamenov Stamenov they concealed sums of an illegal monies from the illegal distribution and illegal export of cigarettes, produced by Bulgartabac Holding Ltd, which constitutes a crime under Art. 253, para 1 in connection with Art 20 para 2 of the Penal Code.

**Accused: (signature illegible)**

My rights as an accused were read to me according to the provisions of the PPC, namely Art. 53, Art.55, para 1, Art.91, Art.97, para 2; and Art. 115, namely: disqualification of the examining magistrate : to be informed of the criminal offence in relation to which he/she has been constituted as party to the proceedings in this particular capacity and on the basis of what evidence; provide or refuse to provide explanations in relation to the charges against him/her; study the case, including the information obtained through the use of special intelligence means and take any abstracts that are necessary to him/her; adduce evidence; take part in criminal proceedings; make requests, comments and raise objections; be the last to make statements; file appeal from acts infringing on his/her rights and legal interests, and have a defence counsel. The accused party shall have the right his/her defence counsel.

It was explained to me that I have the right to a defence counsel. The defence counsel may also be his spouse, an ascendant or descendant of the accused party, from the time of my detention of the moment of myself being constituted in the capacity of an accused and the examining magistrate is obliged to provide contact with him/her immediately. It has been explained to me that I have the right to a defence counsel to be appointed if I do not have the means to authorize such an attorney and the interest of the court require so. I am acquainted with the right of my defence councel to participate in investigative actions and other procedural action with my participation. I have been informed, that I have the right to give explanations orally and directly before the respective body, I can give explanations at any time of the investigation, as well as the right to refuse to give explanations.

**Accused: (signature illegible)**
Red Round Stamp
Nat. Service for Combating Organized Crime
Ministry of Interior
True to the original (hands written)
B.Karakashev (signature)

Certified Translation from the Bulgarian original

With the view not to allowing the accused to abscond, to carry out a crime or avoid a sentence, come into force to be carried out, considering the degree of risk to the public from the crime, the proof against the accused, health, family status, profession, age and other information about his personality, as well as on the grounds of Art.Art. 56-61, Art.66, Art. 219 para 1 of the PPC, after **a report of prosecutor** Angel Iliev of Sofia City Prosecutor's Office

### I GAVE THE RULING:

1. I constitute IVAN STAMENOV STAMENOV in the capacity of an accused, for a crime under Art.253, para 1, in connection with Art 20, para 2 of the Penal Code.
2. I declaring a measure of remand.

which, he is obliged not to breach, not to change his abode, and appear when summoned. In the event of a breach of these obligations of the remand measure it shall be replaced by a heavier for form of remand under the provisions of the PPC. If the measure is bail, the sum of money of bonds shall be forfeited by the state, and in this case the bail can be a larger sum.

The Ruling can be appealed before the Sofia City Court

**Examining magistrate:**

(signature illegible)

The Ruling was presented to me at 12 hours 43 min on the 03.07.2007 – in person and in the presence of an attorney Todar Nenkov, tel. 0888 508060/9635615

I personally received a copy of this ruling.

**Accused** : ( (signature illegible)

**Attorney:** (signature illegible)

**Examining magistrate:** (signature illegible)

Red Round Stamp
Nat. Service for Combating Organized Crime
Ministry of Interior

True to the original (hands written)
B.Karakashev (signature illegible)

I, the undersigned Vassil Boyanov Atanassov, hereby confirm through my signature the truthfulness of my translation from the Bulgarian into English of the applied document consisting of 3 (three) page
Translator:

PIN 4006046304S

Certified Translation from the Bulgarian original

REPORTED
ACCORDING TO Art 219 para 1 PPC
PROSECUTOR: Angel Iliev
02.07.07
(name, family, date, signature and stamp)

### RULING
for the indictment of an accused
Sofia, 02.07.2007

The undersigned Hristina Hristova, an examining magistrate at General Directorate for Combating Organized Crime –Ministry of Interior, established that sufficient proof for the guilt in connection with Preliminary investigation No 59/07 of the person:

**IVAN STAMENOV STAMENOV PIN**
**Born**
**Address:**

For committing a crime of a general nature.

Namely, that in Sofia, on a date unestablished for the periods over 2005 – 2007, jointly with an accomplice Chavdar Stanachkov Stoyanov they concealed sums of an illegal origin from the illegal distribution and illegal export of cigarettes, produced by Bulgartabac Holding Ltd, which constitutes a crime under Art. 253, para 1 in connection with Art 20 para 2 of the Penal Code.

Accused: (signature illegible)

My rights as an accused were read to me according to the provisions of the PPC, namely Art. 53, Art.55, Art.91, Art.97, para 2; and Art. 115, namely: disqualification of the defence counsel : to be informed of the criminal offence in relation to which he/she has been constituted as party to the proceedings in this particular capacity and on the basis of what evidence; provide or refuse to provide explanations in relation to the charges against him/her; study the case, including the information obtained through the use of special intelligence means and take any abstracts that are necessary to him/her; adduce evidence; take part in criminal proceedings; make requests, comments and raise objections; be the last to make statements; file appeal from acts infringing on his/her rights and legal interests, and have a defence counsel. The accused party shall have the right his/her defence counsel.
It was explained to me that I have the right to a defence councel. The defence counsel may also be his spouse, an ascendant or descendant of the accused party, from the time of my detention of the moment of myself being constituted in the capacity of an accused and the examining magistrate is obliged to provide contact with him/her immediately. It has been

Certified Translation from the Bulgarian original

explained to me that I have the right to a defence counsel to be appointed if I do not have the means to authorize such an attorney and the interest of the court require so. I am acquainted with the right of my defence councel to participate in investigative actions and other procedural action with my participation. I have been informed, that I have the right to give explanations orally and directly before the respective body, I can give explanations at any time of the investigation, as well as the right to refuse to give explanations.

Accused: (signature illegible)

Red Round Stamp
Nat. Service for Combating Organized Crime
Ministry of Interior

True to the original (hands written)
B.Karakashev (signature)

With the view not to allowing the accused to abscond, to carry out a crime or avoid a sentence, come into force to be carried out, considering the degree of risk to the public from the crime, the proof against the accused, health, family status, profession, age and other information about his personality, as well as on the grounds of Art.Art. 56-61, Art.66, Art. 219 para 1 of the PPC, after a report of prosecutor Angel Iliev of Sofia City Prosecutor's Office

## I GAVE THE RULING:

3. I constitute **CHAVDAR STANACHKOV STOYANOV** in the capacity of an accused, for a crime under Art.253, para 1, in connection with Art 20, para 2 of the Penal Code.
4. Declare a measure of remand

which, he is obliged not to breach, not to change his abode, and appear when summoned. In the event of a breach of these obligations of the detentional measure it shall be replaced by a heavier for form of remand under the provisions of the PPC. If the measure is bail, the sum of money of bonds shall be forfeited by the state, and in this case the bail can be a larger sum.

The Ruling can be appealed before the Sofia City Court

Examining magistrate:

(signature illegible)

Certified Translation from the Bulgarian original

The Ruling was presented to me at 12 hours 00 min on the 03.07.2007 – in person and in the presence of an attorney Todor Nenkov, tel. 0888 508070

I personally received a copy of this ruling.

Accused : ( (signature illegible)

Attorney: (signature illegible)

Examining magistrate: (signature illegible)

Red Round Stamp
Nat. Service for Combating Organized Crime
Ministry of Interior

True to the original (hands written)
B.Karakashev (signature illegible)

I, the undersigned Vassil Boyanov Atanassov, hereby confirm through my signature the truthfulness of my translation from the Bulgarian into English of the applied document consisting of 3 (three) page

Translator:

PIN 400604...



ORCHID-94 HEREBY OFFICIALLY
CERTIFIES THAT THE ABOVE
TRANSLATION IS IN FULL CONFORMS
WITH THE (ATTACHED) ORIGINAL
PASSAGE(S) MARKED IN THE
(ATTACHED) ORIGINAL
SOFIA _06.08.07_
DIRECTOR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM BULGARIA ) | |
| IN THE MATTER OF ) | Misc No. 08- |
| CALEDON INVEST, INC. & STAMENO ) | |

<u>ORDER</u>

   Upon application of the United States of America; and upon examination of a letter of request from Bulgaria whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Bulgaria and the Court being fully informed in the premises, it is hereby

   **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Bulgarian authorities as follows:

   1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

   2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party

shall be required);

       3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Bulgaria, which procedures may be specified in the request or provided by the Bulgarian authorities;

       4. seek such further orders of this Court as may be necessary to execute this request; and

       5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Bulgarian authorities.

       IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

       Dated: This _____ day of _____, 2008.

       _____
       United States District Court Judge

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2008 JUN -3 PM 2:39

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST     )
FROM BULGARIA               )
IN THE MATTER OF            )     Misc. No. 08-  08-110
CALEDON INVEST, INC. & STAMENO)

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Bulgaria. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Bulgarian authorities who are investigating a case of alleged illegal exportation of cigarettes.

EVIDENCE SOUGHT:

The Bulgarian authorities seek information from the Delaware Secretary of State's Office and another company that resides in this district. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a)   The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the

court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Bulgaria and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 N. Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 2 JUNE 08